UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                Case No. 13-63026

BOBBIE J. FISHER, *pro se*,                 Chapter 7

        Debtor.                             Judge Thomas J. Tucker
_____/

DANIEL M. McDERMOTT,
UNITED STATES TRUSTEE,

        Plaintiff,                        Adv. No. 14-4124

v.

BETTY TAYLOR, *pro se*,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

      This adversary proceeding is before the Court on the Defendant Betty Taylor's motion entitled "Motion and Brief to Dismiss Trustee's Complaint on the Pleadings Pursuant to F.R.C.P. Rules 12(b)(6), 4, 9, and 17" (Docket # 16, the "Motion"). The Plaintiff United States Trustee ("UST") filed a response opposing the Defendant's Motion.

      The Court concludes that a hearing on the Motion is not necessary. For the reasons that follow, the Court will deny the Motion.

      In its complaint, the UST alleges that the Defendant, as a bankruptcy petition preparer, violated 11 U.S.C. § 110(e)(2)(A) by offering legal advice and engaging in the unauthorized practice of law, which constitutes fraudulent, unfair and deceptive activity, based on her conduct in connection with the Chapter 7 bankruptcy case of Bobbie J. Fisher (the "Debtor," Case No.

13-63026). The UST seeks a permanent injunction to enjoin the Defendant from serving as a bankruptcy petition preparer. In addition, the UST requests a judgment against the Defendant for statutory damages of $2,000 plus the debtor's actual damages and reasonable costs and attorney fees under 11 U.S.C. § 110(i)(1)(A) through (C), and the payment of a $500 fine to the UST under 11 U.S.C. § 110(l)(1).

In her Motion, the Defendant makes the following four arguments:

1. The UST lacks standing to sue her because the complaint does not allege "any concrete, objective, and palpable injury, either actual or threatened, that has been suffered by the Debtor or Trustee McDermott." (Motion at 4). As a result, the Defendant contends that the UST "may not invoke the federal court's subject matter jurisdiction." (*Id*. at 3).
2. She was not properly served with the summons and complaint as required by Fed.R.Civ.P. 4(e).
3. The allegations of fraud and misrepresentation pled in the complaint are not pled with particularity as required by Fed.R.Civ.P. 9(b).
4. The UST failed to receive a "Ratification of Commencement from the Debtor" as required by Fed.R.Civ.P. 17(a) prior to the commencement of this adversary proceeding against her. (*Id.* at 6).

The Court must reject all of the Defendant's arguments, because they are without merit.

First, the UST has standing in this adversary proceeding under 11 U.S.C. § 307. In addition, the UST is granted express authority to commence this action against the Defendant under 11 U.S.C. §§ 110(i)(1) and 110(j)(1). Given the allegations in the UST's complaint,

regarding Defendant's alleged violations of 11 U.S.C. § 110(e)(2)(A) in relation to her conduct in the Debtor's bankruptcy case, this Court clearly has subject matter jurisdiction over this adversary proceeding, under 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b)(1).

Second, with regard to service of the summons and complaint, the Court's records show that the UST filed a certificate of service (Docket # 3) stating that the UST served the Defendant with the summons and complaint by first class mail at 20331 Alhambra, Southfield, MI 48076. In her answer to the UST's complaint, the Defendant admitted that she lives at this address. (Docket # 4). Service of the summons and complaint by first class mail on the Defendant was proper under Fed.R.Bankr.P. 7004(b).

Third, the factual allegations in the UST's complaint about the Defendant's fraudulent, unfair and deceptive conduct are pled with sufficient particularity to meet the requirements of Fed.R.Civ.P. 9(b), which applies in adversary proceedings under Fed.R.Bankr.P. 7009.

Fourth, the UST is a real party interest, because the UST is given standing under 11 U.S.C. §§ 110(i)(1) and 110(j)(1) to bring an action against the Defendant that asserts violations of 11 U.S.C. § 110 and to move for monetary damages on behalf of the Debtor under 11 U.S.C. § 110(i)(1)(A) through (C). Contrary to the Defendant's argument, "ratification" from or by the Debtor under Fed.R.Civ.P. 17(a), which applies in adversary proceedings under Fed.R.Bankr.P. 7017, is not required.

For the reasons stated above,

IT IS ORDERED that the Motion (Docket # 16) is denied.

**Signed on August 1, 2014**  /s/ Thomas J. Tucker
            **Thomas J. Tucker**
            **United States Bankruptcy Judge**