UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 13-63026 |
| BOBBIE J. FISHER, *pro se*, | Chapter 7 |
| Debtor. | Judge Thomas J. Tucker |
| _____/ | |
| DANIEL M. McDERMOTT, UNITED STATES TRUSTEE, | |
| Plaintiff, | Adv. Pro. No. 14-4124 |
| v. | |
| BETTY TAYLOR, *pro se*, | |
| Defendant. | |
| _____/ | |

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR
STAY PENDING APPEAL**

This adversary proceeding is before the Court on the Defendant Betty Taylor's motion entitled "Motion for Discretionary Stay Pending Appeal" (Docket # 64, the "Stay Motion"). The Stay Motion seeks a stay, pending appeal, of the Court's order entitled "Order Permanently Enjoining Betty Taylor, Finding Her in Contempt, and Imposing Certain Other Relief" (Docket # 57, the "Contempt Order").

The Court concludes that a hearing on the Stay Motion is not necessary. For the following reasons, the Court will deny the Stay Motion.

Fed. R. Bankr. P. 8007 governs the Stay Motion. It provides, in relevant part:

>  (a) Initial motion in the Bankruptcy Court.
>
>  (1) In General. Ordinarily, a party must move first in the

bankruptcy court for the following relief:

> (A) a stay of a judgment, order, or decree of the bankruptcy court pending appeal;
>
> (B) the approval of a supersedeas bond;
>
> (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending; or
>
> (D) the suspension or continuation of proceedings in a case or other relief permitted by subdivision (e).
>
> . . .
>
> (e) Continuation of proceedings in the Bankruptcy Court. Despite Rule 7062 and subject to the authority of the district court, BAP, or court of appeals, the bankruptcy court may:
>
> (1) suspend or order the continuation of other proceedings in the case; or
>
> (2) issue any other appropriate orders during the pendency of an appeal to protect the rights of all parties in interest.

Under Fed. R. Bankr. P. 8007, this Court has discretion to grant or deny a motion for stay pending appeal.

**A. The relevant factors**

In *Michigan First Credit Union v. Smith* (*In re Smith*), 501 B.R. 332, 335-36 (Bankr. E.D. Mich. 2013)(emphasis added), this Court discussed the factors that the Court must apply in determining whether to grant a motion for a stay pending appeal:

> The factors that courts must apply in determining whether to grant a motion for a stay pending appeal were discussed at length in *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153–54 (6th Cir.1991). In *Griepentrog*,

the Sixth Circuit stated, in relevant part:

> In determining whether a stay should be granted under Fed.R.Civ.P. 8(a), we consider the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction. These well-known factors are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together.
>
> Although the factors to be considered are the same for both a preliminary injunction and a stay pending appeal, the balancing process is not identical due to the different procedural posture in which each judicial determination arises. Upon a motion for a preliminary injunction, the court must make a decision based upon "incomplete factual findings and legal research." Even so, that decision is generally accorded a great deal of deference on appellate review and will only be disturbed if the court relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard.
>
> Conversely, a motion for a stay pending appeal is generally made after the district court has considered fully the merits of the underlying action and issued judgment, usually following completion of discovery. As a result, a movant seeking a stay pending review on the merits of a district court's judgment will have greater difficulty in demonstrating a likelihood of success on the merits. In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal. Presumably, there is a reduced probability of error, at least with respect to a court's findings of fact, because the district court

3

had the benefit of a complete record that can be reviewed by this court when considering the motion for a stay.

To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits. The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other. This relationship, however, is not without its limits; **the movant is always required to demonstrate more than the mere "possibility" of success on the merits. For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, "serious questions going to the merits."**

In evaluating the harm that will occur depending upon whether or not the stay is granted, we generally look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. In evaluating the degree of injury, it is important to remember that

> [t]he key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

In addition, the harm alleged must be both certain and immediate, rather than speculative or

4

> theoretical. In order to substantiate a claim that
> irreparable injury is likely to occur, a movant must
> provide some evidence that the harm has occurred
> in the past and is likely to occur again.

*Id*. (citations omitted); *see also Serv. Emps. Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir.2012) ( per curiam ); *Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir.2002). Defendant, as the moving party, bears the burden of establishing by a preponderance of the evidence that she is entitled to the stay. *See Husted*, 698 F.3d at 343; *In re Holstine*, 458 B.R. 392, 394 (Bankr.E.D.Mich.2011). "[A] court's decision to [grant or] deny a Rule 8005 stay is highly discretionary." Id. (quoting *In re Forty–Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir. 1997)).

**B. Consideration of the relevant factors**

The Court concludes that the Defendant has not satisfied her burden, and that a stay pending appeal should not be granted.

### 1. The likelihood that the party seeking the stay will prevail on the merits of the appeal

The Defendant's argument on appeal appears to be only that there is "no lawful money" (*i.e.*, **that there is no lawful currency in the United States** (*see*, *e.g.*, Docket # 74 at 2)). This argument is frivolous in the extreme, and there is zero chance that the Defendant will prevail on the merits of her pending appeal.

The Court's conclusion about this first stay factor is alone fatal to the Defendant's Stay Motion, under the Sixth Circuit's decision in *Griepentrog*, quoted above. There, the Sixth Circuit held, among other things, that "even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the [opposing parties] if a stay is granted, he is still required to show, at a minimum, 'serious questions going to the merits.' " *Griepentrog*, 945 F.2d

5

14-04124-tjt    Doc 78    Filed 03/20/15    Entered 03/20/15 16:46:39    Page 5 of 8

at 154 (citations omitted). The Defendant has not made such a showing, so the Stay Motion must be denied for this reason alone.

### 2. The likelihood that the moving party will be irreparably harmed absent a stay

Nor has the Defendant demonstrated that the second stay factor, "the likelihood that the moving party will be irreparably harmed absent a stay," favors a stay pending appeal. The Defendant's only argument on this factor is that she "will suffer irreparable injury in [that the Defendant] has already lawfully tendered payment to [the D]ebtor and is not in contempt for any order issued by the bankruptcy judge pursuant to 31 U.S.C. 8." (Stay Mot. (Docket # 64) at 2 ¶ 2.) It appears that the Defendant is arguing that she will be irreparably harmed because she has already paid the Debtor $2,000.00, as required by the Summary Judgment Order, and if she is required to comply with the Contempt Order, she would, in effect, be satisfying the same $2,000.00 obligation again. Because the Defendant has not already paid the Debtor $2,000.00, the factual basis for the Defendant's argument is false. But, even if the Defendant's factual basis for her argument were true, such argument does not demonstrate that the Defendant would be *irreparably* harmed absent a stay.

The only possible harm that the Defendant could suffer, based on the Defendant's alleged pay-twice theory, is that the Defendant may have to pay the Debtor more than the Debtor is entitled to, and that, if the Contempt Order is reversed on appeal, the Defendant may have to engage in litigation to recover the overpayment.[1] These allegations do not satisfy the Defendant's burden of showing " irreparable harm." The purported harm alleged is not

---

[1] The Defendant did not make this argument in her Stay Motion. The Defendant simply alleged that she would suffer irreparable injury in summary manner, without explaining why the alleged harm she would suffer would be irreparable.

irreparable.

> [I]t seems clear that the temporary loss of income, ultimately to be
> recovered, does not usually constitute irreparable injury....
>
>> "The key word in this consideration is irreparable.
>> Mere injuries, however substantial, in terms of
>> money, time and energy necessarily expended in the
>> absence of a stay, are not enough. The possibility
>> that adequate compensatory or other corrective
>> relief will be available at a later date, in the ordinary
>> course of litigation, weighs heavily against a claim
>> of irreparable harm."

*Sampson v. Murray*, 415 U.S. 61, 90 (1974) (footnotes omitted) (citation omitted). For these reasons, the Court finds that the Defendant has failed to demonstrate that there is any likelihood of her suffering irreparable harm absent a stay pending appeal.

### 3. The prospect that others will be harmed if the Court grants the stay

With respect to the factor that considers "the prospect that others will be harmed if the court grants the stay," Defendant argues again in summary fashion, with no attempt at elaboration, that "[n]o substantial harm will come to the appellee." (Stay Mot. (Docket # 64) at 2 ¶ 3.) The Court finds that the Debtor will suffer harm if the Court grants a stay pending appeal. Such a stay would unduly further delay the $2,000.00 payment to the Debtor, which was due over 5 months ago under the Court's September 10, 2014 Summary Judgment Order (Docket # 44). The Court finds that the harm caused by this further delay is serious, especially given that there is zero chance that the Defendant will prevail on appeal. This factor weighs against the Court granting a stay pending appeal.

### 4. The public interest in granting the stay

The Court concludes that the factor that considers "the public interest in granting the

7

14-04124-tjt    Doc 78    Filed 03/20/15    Entered 03/20/15 16:46:39    Page 7 of 8

stay," also weighs strongly against the Court granting a stay pending appeal. Regarding this factor, Defendant argues, again in a summary manner, with no attempt at elaboration, that "[p]ublic interest will not be impaired by granting this motion to stay." (Stay Mot. (Docket # 64) at 2 ¶ 4.) This argument is without merit. As explained by the Court in *In re Rose*, 314 B.R. 663, 681 (Bankr. E.D. Tenn. 2004), the fines imposed by 11 U.S.C. § 110(i)(1), under which this Court imposed the $2,000.00 obligation at issue, was enacted "[i]n furtherance of its intended consumer protection focus on protecting 'persons who are ignorant of their rights both inside and outside the bankruptcy system' from being taken advantage of by non-attorney bankruptcy petition preparers[.]" Therefore, the strong public interest in preventing abuses by bankruptcy petition preparers underlying the enactment of 11 U.S.C. § 110, weighs in favor of denying the stay, not granting it.

### C. Conclusion

All of the relevant factors weigh strongly against granting a stay pending appeal. In the exercise of its discretion under Fed. R. Bankr. P. 8007, therefore, the Court will deny the Stay Motion (Docket # 64).

**Signed on March 20, 2015**  /s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

8

14-04124-tjt    Doc 78    Filed 03/20/15    Entered 03/20/15 16:46:39    Page 8 of 8