UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 13-63026

BOBBIE J. FISHER, *pro se*,                         Chapter 7

       Debtor.                              Judge Thomas J. Tucker
_____/

DANIEL M. McDERMOTT,
UNITED STATES TRUSTEE,

       Plaintiff,                           Adv. Pro. No. 14-4124

v.

BETTY TAYLOR, *pro se*,

       Defendant.
_____/

**OPINION AND ORDER DENYING THE DEFENDANT BETTY TAYLOR'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***

This case is before the Court on the application by Defendant Betty Taylor to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (the "Application"),[1] on her appeal to the district court[2] of this Court's order entitled "Order Permanently Enjoining Betty Taylor, Finding Her in Contempt, and Imposing Certain Other Relief" (Docket # 57, the "Contempt Order"). The Contempt Order, in relevant part, (1) found the Defendant "in civil contempt for her violation of the Court's September 10, 2014 order entitled 'Order Granting in Part, and Denying in Part, Plaintiff's Motion for Summary Judgment' (Docket # 44[, the "Summary Judgment Order"])," which, in relevant part, ordered the Defendant to pay to the Debtor $2,000.00, based on her

---

[1] *See* "Motion to Waive Filing Fee Informus Paupauris" (Docket # 65).

[2] Docket # 62 (Notice of Appeal).

violation of various provisions of 11 U.S.C. § 110; (2) again ordered the Defendant to pay the Debtor $2,000.00 (this time in monthly $100.00 installments delivered to the Office of the United States Trustee, "beginning on February 3, 2015 and continuing by the third day of each month thereafter until the full amount of $2,000.00 is paid"); and (3) permanently enjoined the Defendant from acting as a bankruptcy petition preparer.

On appeal, the Defendant seeks reversal of the Contempt Order, based on her argument that a document she mailed to the Debtor, which was not a negotiable instrument, satisfied the payment requirement in the Summary Judgment Order, so that she is not in contempt of that order. This, the Debtor says, is because "there is no lawful money" (*i.e.*, there is no lawful currency in the United States)(*See* Docket ## 74 at 2; Docket # 65).

The Court will assume that a bankruptcy court has authority under 28 U.S.C. § 1915(a)(1) to grant or deny this type of application to proceed *in forma pauperis*. The Court must deny the Application, because the Court finds and concludes that the Defendant's appeal is not taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

In *Michigan First Credit Union v. Smith* (*In re Smith*), 499 B.R. 555, 556 (Bankr. E.D. Mich. 2013), this Court explained:

> Section 28 U.S.C. § 1915(a)(3) provides: **"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "The good faith standard [under 28 U.S.C. § 1915(a)(3) ] is an objective one."** *Randolph v. Unnico Integrated Facilities Servs. Cargill*, No. 10–2919–STA, 2012 WL 1022264, at *3 (W.D.Tenn.2012) (citing *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962)); *see also Falkner v. United States Government*, No. 13–2299–JDT–cgc, 2013 WL 2422633, at *1 (W.D.Tenn. June 3, 2013) (discussing the good faith standard under Fed. R.App. P. 24(a)(3), which provides that a party may not proceed on appeal in

forma pauperis if "the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith") (citation omitted). **The "good faith" standard has been described variously as meaning that the appeal is not frivolous; or that it presents a substantial question.** See *Falkner*, 2013 WL 2422633, at *1 ("The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.") (citation omitted); *Knittel v. I.R.S.*, 795 F.Supp.2d 713, 721 (W.D.Tenn.2010) (same); *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir.1999) ("After [the affidavit with the] required information has been filed, the district court must ascertain both the individual's pauper status and the merits of the appeal."); *United States v. Merritt* (*In re Merritt*), 186 B.R. 924, 930 (Bankr.S.D.Ill.1995) ("The 'good faith' requirement is an objective one based on the legal merit of the issues sought to be appealed.") (citations omitted); *In re Meuli*, 162 B.R. 327, 329 (Bankr.D.Kan.1993) ("'[B]efore permitting an appeal to be brought in forma pauperis, the court shall require a certification by the bankruptcy judge that the appeal is not frivolous and does present a substantial question.'") (citation omitted).

*Id.* (bold added); *see also Smith v. Michigan First Credit Union*, Case No. 13-13030 (E.D. Mich. August 13, 2013) (Edmunds, J.)(Docket # 6)(in this context, "good faith means "non-frivolous").

The Defendant's appeal is based on her argument that "there is no lawful money" (*i.e.*, that there is no lawful currency in the United States (*see*, *e.g*., Docket # 74 at 2)). This argument is frivolous in the extreme. Therefore, the Court concludes that the Defendant's appeal does not meet the good faith requirement of 28 U.S.C. § 1915(a)(3).

Accordingly,

IT IS ORDERED that:

1. The Application (Docket # 65) is denied.

2. The Court certifies to the district court that under 28 U.S.C. § 1915(a), the Debtor's appeal of the Contempt Order is not taken in good faith.

3

**Signed on March 20, 2015**  /s/ Thomas J. Tucker
　　　　　　　　　　　　　　　　　　　　　　**Thomas J. Tucker**
　　　　　　　　　　　　　　　　　　　　　　**United States Bankruptcy Judge**